UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACEY K BAILEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN RESEARCH BUREAU;<br><br>DAVID SCHWARTZ,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-05482-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is pro se Plaintiff Tracey Bailey's motion to appoint counsel. Dkt. 12. For the reasons explained below, the Court DENIES Ms. Bailey's motion.

**I.   BACKGROUND**

Ms. Bailey initiated this case by filing a motion to proceed *in forma pauperis* (IFP) with Plaintiff Lawanda Jones on June 17, 2024. Dkt. 1. The Court notified Plaintiffs about filing deficiencies regarding Ms. Jones' IFP application and signature. Dkt. 2. The Court ordered Ms. Jones to show cause by August 20, 2024, as to why she had not filed an IFP application or signed the complaint. Dkt. 3. As of September 3, 2024, Ms. Jones had neither responded to the order nor corrected the deficiencies, and her clams were dismissed without prejudice. Dkt. 5.

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 1

U.S. Magistrate Judge David W. Christel granted Ms. Bailey's motion to proceed IFP and the complaint was thereafter filed. Dkt. 8; Dkt. 9. Ms. Bailey alleges that Defendants American Research Bureau (ARB) and David Schwartz committed fraud and breached their fiduciary duties by improperly assigning to ARB one-third of any interest Ms. Bailey had in the Estate of Beverly Jones. Dkt. 9 at 10, 26. Ms. Bailey asserts claims under section 409(a) of the Employee Retirement Income Security Act of 1974 (ERISA) and section 242 of Title 18.

On September 24, 2024, Ms. Bailey filed this motion asking the Court to appoint counsel to represent her in the lawsuit. Dkt. 12.

## II. DISCUSSION

There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998). In assessing whether there are exceptional circumstances warranting appointment of counsel, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id*.

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to the relevant case law and litigant's circumstances), cert. denied sub nom., *Gerber v. Agyeman*, 545 U.S. 1128 (2005). While any litigant "certainly would be better

served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. They must demonstrate that they are unable to articulate their position due to the complexity of claims. *See Rand*, 113 F.3d at 1525.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the requirements discussed above. Although the Court appreciates the information Ms. Bailey has provided, she has not identified circumstances rendering her case "exceptional" or of such complexity that warrants appointment of counsel. The Court recognizes that Ms. Bailey is proceeding IFP and satisfies the standard for indigency. However, Ms. Bailey has only described one effort to find an attorney, and at this early stage, the Court encourages Ms. Bailey to make additional efforts to find counsel. Additionally, Ms. Bailey has not provided any further information for why her claims have merit, and it is too early in the case for the Court to evaluate her likelihood of success. Ms. Bailey has so far shown that she is able to file pleadings and motions in the case. While Ms. Bailey may certainly benefit from the assistance of legal counsel, she has not shown significant complexity in this case, a likelihood of success on the merits, or an inability to articulate her claims. *See Agyeman*, 390 F.3d 1101, 1103–04; *Rand*, 113 F.3d at 1525.

### III.   CONCLUSION

This case does not present extraordinary circumstances warranting the appointment of counsel. The Court therefore DENIES Ms. Bailey's motion. The Court encourages Ms. Bailey to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 3

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of October, 2024.

Tiffany M. Cartwright
United States District Judge