UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACEY K BAILEY, | Case No. 3:24-cv-05482-TMC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| AMERICAN RESEARCH BUREAU; | |
| DAVID SCHWARTZ, | |
| Defendant. | |

### I.   INTRODUCTION

Pro se Plaintiff Tracey Bailey asserts claims of negligence, fraud, misrepresentation, and breach of fiduciary duty arising from her allegation that Defendants American Research Bureau ("ARB") and David Schwartz assigned themselves partial interest to Ms. Bailey's inheritance. Defendants move to dismiss Ms. Bailey's claims under Fed. R. Civ. P. 4(l)–(m), Rule 12(b)(1), Rule 12(b)(4), Rule 12(b)(5), and Rule (12(b)(6). Dkt. 17. Ms. Bailey did not file a response to Defendants' motion. Based on its review of the record, the Court concludes that Ms. Bailey has not alleged an amount of controversy sufficient to invoke this Court's subject matter jurisdiction. The Court therefore GRANTS Defendants' motion to dismiss and DISMISSES the case without prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

## II.     BACKGROUND

The following facts are taken from Ms. Bailey's complaints and the attached exhibits.[1] On September 25, 2017, Ms. Bailey received a notice of appointment and pendency of probate from the estate attorney representing Stracey B. Jones in her capacity as the Administrator of the Estate of Louis and Beverly Jones. Dkt. 9 at 11, 20. Ms. Bailey filed a special request to appear in the probate, but she was later incarcerated and released in December 2018. *Id.* at 11. During this time, Ms. Bailey asserts ARB falsely informed the estate attorney that they represented her when she had not signed any agreement with ARB. *Id.* at 11. On April 10, 2019, Ms. Bailey was scheduled to pick up her inheritance check from the estate attorney but was informed that ARB had already taken the check. *Id.* at 12. She then called ARB demanding the inheritance check and tried to cancel it. *Id.* Ms. Bailey alleges that even though she never agreed to ARB's services, ARB informed her that the company had taken as their fees, one-third of her gross distribution of $86,013.74. *Id.* at 12, 28. ARB's fees was calculated as $27,960.83, leaving the net check to Ms. Bailey in the amount of $56,521,00. *Id.* at 29.

On June 17, 2024, Ms. Bailey filed suit against Defendants alleging fraud, breach of fiduciary duty, negligence, and misrepresentation. *Id.* at 7. On January 10, 2025, Defendants moved to dismiss and filed a reply on February 7, 2025. Ms. Bailey did not file a response. The motion is ripe for the Court's consideration.

---

[1] The Court may consider exhibits Ms. Bailey attached to the complaint. *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 884 (9th Cir. 2022) (when considering a motion to dismiss, courts "may consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, as well as any writing referenced in [the] complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.") (cleaned up).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

### III.  SUBJECT MATTER JURISDICTION

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In her complaint, Ms. Bailey alleges that this Court has diversity jurisdiction over her claims. Dkt. 9 at 5. Federal diversity jurisdiction exists over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The amount in controversy is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986). And "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," but dismissal is justified if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (collecting cases). Although courts generally favor a plaintiff's choice of forum, a pleading must nevertheless show "affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

Ms. Bailey's complaint seeks $512,465.96 for damages arising from Defendants' partial assignment of interest to Ms. Bailey's inheritance check. Dkt. 9 at 7. But Defendants argue, "the amount of plaintiff's claimed damages for which she asserts a factual basis is less than the statutory minimum of $75,000.00 required to confer subject matter jurisdiction in federal court diversity cases." Dkt. 17 at 6. Specifically, Defendants assert that "Plaintiff's cognizable damages are the fees that ARB received, which was one-third of the gross amount of the distribution of assets that plaintiff otherwise would have received in the amount of $84,481.83. One-third of $84,481.83 is $27,960.83, which is insufficient to satisfy the 'amount in controversy' requirement for diversity jurisdiction[.]" *Id.* at 6–7.

The Court agrees. Ms. Bailey's complaint does not allege facts establishing that the amount in controversy exceeds $27,906.83—the amount Ms. Bailey asserts that Defendant unlawfully took. *See generally* Dkt. 9. Even though Ms. Bailey asserts $512,465.96 in damages, the pleading does not provide any facts to support that amount. *See Baxter v. Rodale, Inc.*, No. CV 12-00585 GAF MANX, 2012 WL 1267880, at *1 (C.D. Cal. Apr. 12, 2012), *aff'd*, 555 F. App'x 728 (9th Cir. 2014) (concluding that conclusory allegations about the amount in controversy are insufficient). Accordingly, the Court GRANTS the motion to dismiss without prejudice. *See Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("[B]ecause the district court lacked subject matter jurisdiction, the claims should [be] dismissed without prejudice.").

Ms. Bailey's complaint makes passing reference to "section 409(a)," "section 242 of title 18," and "Article I, V, XIV." Dkt. 9 at 5. To extent these are meant to refer to federal claims, the complaint does not allege any facts that would support federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Defendants raise several other arguments, including the statute of limitations and insufficient service of process as required under Fed. R. Civ. P. 4(m). Dkt. 17 at 7–8. The Court declines to reach the merits of these arguments based on its determination that it lacks subject matter jurisdiction.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Dkt. 17). The case is DISMISSED without prejudice. Because there is no indication in the record that the Court's lack of jurisdiction could be cured by the allegation of other facts, and Ms. Bailey has

not sought leave to amend, leave to amend is denied. The Clerk is directed to enter judgment in favor of Defendants and close the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5